EMILIO GONZALES CANTU V. STATE.

No. 29,568. February 19, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 9, 1958.

*Shelton & Haight,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Highway Patrolmen Smith and Calloway were the arresting officers, and their testimony will be summarized. They stated that an automobile driven by the appellant approached from their rear at a high rate of speed proceeding in the same direction as their patrol car, that as he passed them he was motioned to pull over but continued on for approximately a quarter of a mile, where he finally came to a halt. They stated that as they approached the appellant's automobile on foot he put it in reverse, and one of the officers had to open the door and apply the emergency brake on two occasions in order to bring it to a halt. They stated that the appellant smelled of intoxicants, leaned against his automobile after he got out, and when not doing so weaved in his walking, and expressed the opinion that he was intoxicated.

The appellant, testifying in his own behalf, stated that he had been at Ray's ice station for two and one-half hours prior to his arrest and had been drinking beer but denied that he was intoxicated. At one place in his cross-examination, the appellant stated that he had drunk "about six beers" and at another "about twelve."

One Hinojosa testified that he had three beers at the ice house, did not know how many the appellant had drunk, but did not observe any indication of intoxication on the part of appellant.

The trial court resolved what conflict there was in the evidence against the appellant, and we find the evidence sufficient to support his finding.

There are no formal bills of exception in the record. In his brief, the appellant urges that the trial court erred in not "dismissing the information" at the conclusion of the state's testimony, because the officers had testified that they secured the appellant's consent to make a urine test, that such test was made at the jail, and yet the state failed to introduced into evidence the results of the test.

At most, we consider appellant's motion as a motion for instructed verdict based upon the insufficiency of the evidence. Our prior disposition of this question dispenses with the necessity of a discussion of the Best Evidence Rule.

The judgment is affirmed.